NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELAINE CARMEL, | **Hon. Dennis M. Cavanaugh** |
| Plaintiff | |
| v. | **OPINION** |
| INTEGRATED BRANDS, INC., | Civil Action No. 05-CV-1729(DMC) |
| Defendant. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the motion of Plaintiff Elaine Carmel to dismiss Count III of Defendant Integrated Brands, Inc.'s counterclaim for failure to state a claim under Fed.R.Civ.Pro 12(b)(6). No oral argument was heard pursuant to Rule 78. For the following reasons, Plaintiff's motion to dismiss Counterclaim III is **granted**.

## I. BACKGROUND

Plaintiff Elaine Carmel ("Plaintiff") filed a Complaint in the instant action on March 31, 2005. Defendant Integrated Brands, Inc. ("Defendant") filed an Answer to the Complaint and three count Counterclaim on May 31, 2005. On July 6, 2005, Plaintiff filed an Answer to Counts I and II of Defendant's Counterclaim. On July 22, 2005, Plaintiff filed the instant motion to dismiss Count III of Defendant's Counterclaim. Defendant opposed Plaintiff's motion on August 29, 2005, and Plaintiff filed a reply brief on September 14, 2005.

## II. STANDARD OF REVIEW

Plaintiff asks this Court to dismiss Defendant's counterclaim for abuse of process pursuant to Fed.R.Civ.P. 12(b)(6). In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir.1998). In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir.1993). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court may dismiss the complaint for failure to state a claim. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Zynn v. O'Donnell, 688 F.2d 940, 941 (3d Cir.1982).

## III. ANALYSIS

In Count III of its Counterclaim, Defendant alleges that 1) Defendant's counsel made several attempts to demonstrate to Plaintiff that the claims in this case were without merit, 2) Plaintiff wrongfully brought this action to exact money from Defendant by attempting to force an assignment or license from Plaintiff, and 3) Plaintiff has abused the judicial process by bringing the instant court action.

To establish a claim for abuse of process, Defendant must allege the following elements: (1) an ulterior motive and (2) some further act after an issuance of process representing the

perversion of the legitimate use of the process. <u>SBK Catalogue Partnership v. Orion Pictures</u>, 723 F.Supp. 1053, 1067 (D.N.J.1989) (citing <u>Fielder Agency v. Eldan Constr. Corp.</u>, 152 N.J.Super. 344, 348 (Law Div.1977)).

<u>      </u>(1) *Ulterior Motive*

A liberal reading of Defendant's Count III indicates that the "ulterior motive" Defendant attributes to Plaintiff is an attempt to force a license or assignment of Plaintiff's mark to Defendant. However, because the nature of the suit is one of trademark infringement, a request by Plaintiff for licensing of a mark does not seem to rise to the level of ulterior motive. As such, Defendant has failed to plead the first element of abuse of process.

(2) *Further Act*

With respect to the second element, "abuse of process will not lie against a party unless that party has demonstrably used process after its issuance solely to coerce or injure his adversary." <u>SBK Catalogue</u>, 723 F.Supp. at 1067-1068. Bad motives or malicious intent leading to the institution of the suit are insufficient to support this cause of action. <u>Id.</u> (citing <u>Fielder Agency</u>, 152 N.J.Super. at 348). Here, all of the acts alleged by Defendant in Count III of its Counterclaim occurred prior to the issuance of process. Since the "gist of the action is the unlawful use of lawful process after its issuance," Defendant must show some unlawful act by Plaintiff after process issued. <u>Gambocz v. Apel</u>, 102 N.J.Super. 123, 130 (App.Div.1968). Thus, Defendant has failed to state a claim for abuse of process based on Plaintiff's request for licensing.

## IV.CONCLUSION

In light of the above, Plaintiff's motion to dismiss Count III of Defendant's Counterclaim is **granted**.  Count III of Defendant's Counterclaim is hereby dismissed.

                                             S/  Dennis M. Cavanaugh
                                             Dennis M. Cavanaugh, U.S.D.J.

Date:     February 17, 2006
Original: Clerk's Office